Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 CR 326 - 1 | **DATE** | 12/9/2004 |
| **CASE TITLE** | USA vs. RICHARD CONNORS | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendant's motion for release on bail pending appeal is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | DEC 10 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 196 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| CG | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | 01 CR 326 |
| | ) | |
| v. | ) | Judge Ronald A. Guzmán |
| | ) | |
| Richard Connors, | ) | |
| Defendant. | | |

## MEMORANDUM OPINION AND ORDER

This case comes before us on remand to re-consider Defendant's application for release pending appeal in light of the factors described in *USA vs. LaGiglio* 384 F.3d 925 (7th Cir. 2004)

Bonnie LaGiglio was convicted by a jury of conspiracy to impede the collection of taxes by the Internal Revenue Service. The federal sentencing guidelines base offense level was 10. The sentencing judge increased Lagiglio's level by a total of 11 based upon the amount of the government's tax loss and the use of sophisticated means to commit the crime. She was sentenced to 41 months in prison.

LaGiglio appealed. While the appeal was pending, but after the Supreme Court decided *Blakely v. Washington*, 124 S.Ct. 2531 (2004), and the Seventh Circuit decided *U.S. v. Booker*, 375 F.3d 508 (7th Cir. 2004), she moved for release pending appeal, arguing that Booker capped her sentence at twelve months and she had already been in prison that long.

The government argued that she was entitled to be released only if she was likely to be re-sentenced, under the procedures required by *Blakely* and *Booker*, to a term of imprisonment

1

shorter than the length of time that she would have been in prison by the time her appeal was decided.

The Seventh Circuit determined that there are only three circumstances in which, consistent with the Bail Reform Act, *Booker* would entitle a District Court to release the Defendant pending appeal: (1) the District Court plans not to rely on the sentencing guidelines at all, but instead to use its discretion to sentence the Defendant to a term of imprisonment shorter than the time the Defendant is expected to serve pending appeal; (2) the court plans to empanel a sentencing jury to consider findings of fact in support of increasing the base offense level and believes that the jury will make findings that will preclude a sentence longer than the expected duration of the appeal; or (3) the court intends to make no adjustments to the base offense level and a sentence consistent with that level will expire before the appeal is likely to be decided.

In the case at bar the Defendant argues that the Defendant's base offense level would be 4, which under the U.S.S.G. Sec. 2T3.1(a)(3) would result in a sentence of 0 to 6 months. By virtue of findings which included a tax loss to the United States of between $40,000 and $70,000, a finding of "sophisticated concealment, and a finding of a leadership role in the offenses, the total offense level was adjusted to 19 and the court imposed the maximum guideline sentence of 37 months and a fine of $60,000. None of these enhancement findings was done pursuant to the requirements subsequently announced in *Booker*. Therefore, it is likely that Mr. Connors will need to be re-sentenced if the Supreme Court upholds the *Booker* decision. Defendant further argues that a remanded sentencing will likely result in a shorter sentence. We disagree.

If the guidelines are declared completely unconstitutional, then the sentence would be an indeterminate one under the sentencing structure which existed before the guidelines were enacted. Under such a sentencing scheme it is clear that Mr. Connors could not expect a more lenient sentence. Given the statutory sentencing range and all of the different sentencing factors in this case, it is not now this court's plan to use its discretion to sentence the Defendant to a term of imprisonment shorter than the time he is expected to serve pending appeal.[1]

Nor, if the sentencing is under the guidelines, does this court intend that there be no adjustments to the base offense level. The sentence should be tailored to the extent possible to the specific facts and circumstances of both the crime and the criminal. In this case reliance upon an unadjusted base offense level would not accomplish this end. In fact, as pointed out in the government's brief, in this case the base offense level determination itself requires a finding as to the amount of tax loss. It would be unjust to completely disregard the amount of harm to the United States, the degree of sophistication of the defendant's criminal conspiracy and his central

---

[1] The maximum statutory sentences range from five years for Counts 1 and 2, 18 U.S.C. s. 371, to ten years for Count 4, 18 U.S.C. s. 1542. Given this range, 0 to 120 months, the current sentence of 37 months is closer to the low end of the sentencing range than the high end.

2

role in it.

This court also disagrees with the Defendant's contention that a sentencing jury evidentiary hearing would result in a substantially shorter sentence than what was imposed. As even the Defendant admits, this court was conservative in its finding with respect to the amount of tax loss to the United States. That finding was premised on evidence as to the number of trips, the amount of cigars and what was actually commonly paid for such cigars. Some of that evidence came from the Defendant himself. Other evidence came from his customers. In addition, there was ample evidence that the Defendant was in the business of smuggling cigars on a substantial scale. He rented automobiles for transportation, storage space for his product, kept computerized records and planned in significant detail his transactions. Moreover, there was ample evidence to establish beyond a reasonable doubt that the Defendant used unusually complicated and sophisticated means of avoiding detection. One of those methods involved finding previously unknown persons while on his way to or from the location of purchase who would agree to help him in his efforts to reenter the United States undetected. He varied his entry points using both Canada and Mexico. The Defendant also incorporated numerous persons in his scheme, often enlisting the aid of family and friends to smuggle the cigars in their own personal suitcases upon re-entering Canada. He was clearly in control of all such participants.

For the above stated reasons as well as the court's previous findings, including the finding of risk of flight, Defendant's motion for release on bail pending appeal is DENIED.

SO ORDERED          ENTER: 12/9/04

RONALD A. GUZMÁN
District Judge

3